Good morning. May it please the Court, Rebecca Powell for Appellant Pedro Rodriguez and I'd like to reserve two minutes for rebuttal. In this pro se civil rights complaint, Mr. Rodriguez sought a limited exemption from the CDCR's general prohibition against consuming controlled substances while incarcerated. He requested circumscribed sacramental use of cannabis during religious ceremonies and specified that this could be done under the supervision of CDCR staff in a similar manner that the CDCR already allows for the sacramental use of wine, tobacco, and peyote for other similarly situated inmates who also have religious needs for sacramental controlled substances, or at least substances that are controlled within the prison system. The district court dismissed all three of his claims under RLUPA, the free exercise clause, and the equal protection clause, and it did so without leave to amend, and this dismissal was reversible error. I'd like to begin with the RLUPA claim and then move to the free exercise and equal protection clause. Can I ask a sort of an upfront question? And that's about the three strikes issue, right? We can affirm the district court on any ground in the record, obviously, and it seems like it doesn't seem like you really contest that he has three strikes. I think as I read the briefing in the record here, the district court didn't know he had three strikes. It looks like maybe because he didn't tell the district court he had three strikes because of the weird procedural way that this works. But if we think he has three strikes, I want to confirm, is this case basically then about the dismissal with prejudice? Is that what kind of boils down to? It could be. I think that even if Mr. Rodriguez is not eligible to proceed IFP, of course, he is perfectly allowed, he should be perfectly allowed, to only have his case dismissed. I'm trying to nail that down. I mean, in your brief, I think that's pretty much what you say. That could be the case, but even if so, I'm just trying to nail down, I mean, we have to issue an order here. So help me out on, I mean, do you contest that he has three strikes? You do not contest that he has three strikes, although your honor is correct that that wasn't in the appellate record that the district court had before it. Yeah, but it's not really, you mean, not the appellate record, but the record. But that's not really the district court's fault, I don't think, because they kind of, seems to me like the district court was kind of relying on him to tell the district court if he had three strikes, and maybe, I don't know if he was dishonest, or it just doesn't seem like the district court, yeah, the district court had that before him. But would you concede then that this is, that the dismissal can be upheld, and this case is really just about whether, what we should do with prejudice. I believe that this court could choose to do that, this court could choose to affirm the needs to be without prejudice because it's based, if the district, if this court affirms based on the alternative grounds of three strikes. But I would submit that it would be a waste of judicial resource to do that without directing the district court as to its substantive legal error, because otherwise what would happen is this would go back on remand, Mr. Rodriguez would refile his complaint with the filing fee. Presumably the district court would make the same decision and we'd just be back. Can I ask you a question about that? If he, if he files with a filing fee, is it still subject to the same, for lack of whatever, like the same cursory sort of procedure where the, where it gets reviewed by the district court in the first instance without any, any, the normal, you know, back-and-forth that the parties have? Or is it, if he files with a fee, does that sort of put it out of that category? My understanding is because he's, the plaintiff is currently incarcerated, the PLRA still applies in that the district court may use the screening procedure to screen out cases that are frivolous, malicious, and whether it's pro se or not. Yes, exactly. So the IFP status only applies to whether he needs to file with a filing fee. Okay. And so going back to the district court, substantive error, which this court should, should direct the district court to reverse on, on the merits in order to avoid judicial inefficiencies. As the CDCR concedes in its appellate brief, Mr. Rodriguez did, in fact, satisfactorily plead the essential elements of his RLUIPA claim. And at that point, it is the state's burden to show that it has met the compelling interest test. And I think it's important to keep in mind that Congress purposely made this test quite specific. This court and the Supreme Court have noted that it is exceptionally demanding test, and the government shoulders the burden of actually demonstrating that it considered all of the lesser... I hate to interrupt yet, but I, you know, you don't have a lot of time and I want to make sure that, that we kind of jump to an issue that, you know, you're comparing it to, and I understand, I think most of this would, would have to be resolved by, by a court, by a district court in the first instance. But you're comparing this to alcohol, tobacco, you know, the sacramental use of these other substances. The one thing that seems different to me about this would be, you know, alcohol, when, when you use, have sacramental use of alcohol in communion or something, it seems like you're consuming a tiny amount of alcohol, right? And you don't, and same thing for, you know, tobacco, it's not really, you're having any, you're not getting high, I guess. You're not getting drunk, you're not getting high, you're not. So would that be a difference that, that I, I know in your briefing, you said that essentially he, I, I guess one thing you could clarify for me, are, is your client told you that he would be okay with essentially hemp, you know, a non, non, the type of marijuana that wouldn't get you high? Or is that just, I'm trying to figure out, like, is that a fact that, that, that will be before the district court, or is that just something you're sort of throwing out there? It is a fact that could be added to his complaint if this court believes that he needs to amend his complaint in order to satisfy. I'm just trying to figure out, would he be willing to do that, or is that sort of just a hypothetical? I'm just trying to figure out. He would be willing to do that. I think the parties may disagree on what counts as hemp, what counts as cannabis in his definition, but without the THC, whether, for example, a low THC blend would be sufficient for his religious needs. But that's the sort of factual development that the compelling interest test is designed to flush out. It's similar to the, to the plaintiff in Holt v. Hobbs, who is a Muslim inmate who wanted a long beard, but he was willing to compromise with a half-inch beard in order to, to meet the prison halfway in its, in its compelling interest for prison security. So I think that, I mean, I don't want to as a matter of science, it's called hemp versus a low or no THC cannabis, but those are certainly facts he could add to his complaint and be resolved for the factual development process, since he should survive the pleadings as a matter of law. And... What were the alternatives that he proposed in his complaint? So the specific, so the state is required to show that there are no less its compelling interest in health and safety, but it needs to rebut the actual proposal in his complaint, which was to have it in a sacramental religious area specifically, to only use, to never take the sacramental substance outside of that area, to have it under the staff's control and ability to measure. So all of those types of procedures and safeguards could be in place and are, and are not unreasonable and could maintain prison security and control over the substance and, and, and health, any health concerns the prison has while still allowing him to practice his religion. And I see I only have a minute and a half left, so I'll reserve the rest of my time for rebuttal unless there are further questions. We'll hear from the state. Thank you, and may it please the court. Amari Hammons on behalf of the secretary. Mr. Rodriguez contends that the free exercise and equal protection clauses of the Constitution, as well as RLUPA, give him the right to smoke cannabis in prison where it's generally prohibited. No federal court to date has granted an inmate such relief. And if this court reaches the merits, it should conclude that the district court properly dismissed all three claims for failure to state a claim. I'll start with the free exercise and equal protection claims, which are evaluated under Turner. Under that test, the government may impose regulations reasonably related to a legitimate penological interest, even if those regulations burden an inmate's constitutional rights, unless the plaintiff can show that the regulations are an exaggerated response to the state's interests. The complaint and attachments here fail to establish a plausible claim under that standard because denying use of cannabis reasonably relates to the secretary's interests in promoting safety, custodial security, health and rehabilitation, and in preventing divergence. We are kind of short on time, so let's jump to the harder part of your, I understand you want to start with the easier stuff, but let's, under RLUPA, less restrictive alternative. It's a little bit tough to see how that was really sort of fleshed out in, given the process that happened here. You know, because I think you point to the fact that, well, yeah, but there's, there's a stuffy attached to his complaint. And so that shows that there couldn't be a less restrictive alternative, but I'm not sure how that shows how there's a less restrictive alternative that would be consistent with the way that Holt versus Hobbs says. So, so tell me how they're, how, how that's already been sort of fleshed out under RLUPA. Well, so Holt and the other precedent that Mr. Rodriguez has cited, they did not concern an inmate's request to use a federally controlled Schedule I substance whose combination of properties necessarily undermine the conditions where the inmate was requesting an exception for an exception to a grooming policy or dietary accommodation. And here on pages 12 through 13 of the record, the prison administrator explained the government's interest in prohibiting the use of cannabis. He explained the combination of properties that make use of that substance inconsistent with safety and security, and concluded that they, that using cannabis would pose a health and safety issue. And we think that this court's decision, and lastly, as instructed there, this court had no problem concluding. Counsel, I mean, the same could be said of tobacco, right? I mean, it's like, you know, everybody agrees now that tobacco is really bad for you, but I think they point to cases where sacramental use of tobacco. So I, the problem is the less restrictive alternative. I mean, you haven't really addressed, you're basically pounding the government's interest. I think, I mean, I think we, at least I, I understand the government has an interest in keeping pot out of prison, but what about the less restrictive alternative? Well, as to tobacco, tobacco does not undermine the government's interest in the same way. It doesn't have the same combination of properties that was explained on this record. And so a request to use tobacco... It's a pretty thin record, right? Counsel, I mean, that's, that's the challenge. It's a really thin record. I, I, I understand that you could make maybe some arguments, but I just don't really see how, how, basically what you're saying is that the prison's response to his kites showed that he had a less restrictive, showed that it's the least restrictive alternative. Is that, that's got to be your argument, right? Correct. We think that the exhibits, which are part of the pleadings for all purposes, show conclusively that the government is using, if the factual allegations here are taken as true, a least restrictive means to further its interest in prohibiting the use of cannabis in prison. And what, what exactly is it? What is the interest? The government cited a number of interests. It explained that it has interest in custodial security. Mr. Rodriguez has not disputed that this government's compelling interest in security or health and safety. Well, that's in general. That's, that may be in general, but if there's a, if you, if you impose a least restrictive test, it doesn't necessarily follow. Isn't that something that should be determined more, more appropriately on summary judgment? We think that on the facts of this case, on this record, the documents here are sufficient to decide this at the dismissal stage. The administrative officer explained the combination of properties that cannabis has, which means that it's used for sacramental purposes, cannot be aligned with the government's interest in safety and security. It includes the fact that it has no accepted medical use, which means doctors can't control dosage. It includes tobacco. Smoking doesn't have any accepted medical use either. In fact, it's harmful to your health. That's correct, but it doesn't have the same combination of properties that cannabis has. So for example, it doesn't have the same psychoactive properties. Cannabis can increase paranoia, induce physical shaking. It can lead to lack of motor coordination. That doesn't, I'm sorry. I was just going to say that depends on the amount. It depends on how much the amount is and how frequently it is. That goes to least restrictive environment. I mean, it seems mind boggling to me that you can buy cannabis in California and it's legal, but that's a separate point. I don't want to complicate that. Mr. Rodriguez has been very clear about the nature of his request and that it is to use marijuana in a way that this court explained in Bauer is the very premise of that sacrament, which is to allow the believer to achieve an altered mental state and to, in the words of the court in Bauer, enhance spiritual unity. And so that kind of request where the premise is. So counsel, I think what you're saying, I think that might actually be somewhat compelling that that kind of goes to what I was saying earlier to your opposing counsel, which is, you know, you drinking a thimble full of sacramental wine or taking some puffs on a cigarette, don't do those things. Right. So maybe, maybe, maybe, um, pot is different, but, but if I looking at the record, you're basically saying there is no less restrictive means and you're giving some, some, it seems like could be compelling arguments, especially for any cannabis that had any, uh, THC in it. But, but I just don't see that the problem is I just don't see that in the record. I think you're, you're embellishing or adding to sort of the summary statements that were, that were said, um, to him and his response to the kites. And I just, I'm not saying that, that the government couldn't win, but I just wonder if like, I don't think that at least restrictive, um, alternative analysis has really been done, uh, at the level, even that you're saying here in this oral argument. Well, we do believe this record is sufficient, but if the court sees the record differently than we would welcome the opportunity to litigate these issues on remand after, of course, Mr. Rodriguez properly refiles with the filing fee that wouldn't require reversal of course, on the constitutional claims, which no one disputes subject government action to a lower standard of scrutiny. And as to those claims, it would be the plaintiff's burden to establish that the government's prohibition here is not reasonably related to a legitimate penological interest. And those factual allegations have not been stated in the complaint. Mr. Rodriguez concedes that there was a and the government. So if I understand right, we would be, we would be affirming the dismissal. I think we would be affirming the dismissal, um, because of the three strikes of the entire complaint. So, so in order for them to come back, but if we, if we reversed on the, on the with prejudice portion, the, uh, the, the, um, the claimant here would have to file a new complaint and pay the fee. So these are the problems you're, you're, you're stating, are you saying that they mean that we should uphold the, with prejudice part, at least with regard to the two constitutional claims, because they could just, why would we do that? If they could just plead around, you said they haven't, he hasn't pled this, but he could just plead around what you're saying. We don't think that there are any facts that he could add as to the constitutional claims that would state a claim under the equal protection or the free exercise clauses. And certainly not based on this record. That might be right, but does he, so I hear you, I hear what you're saying there, but he's only, he hasn't had it. Am I remembering correctly that he hasn't had any chance to like file a second amendment or a first amendment complaint or anything? That's correct, your honor. Okay. So he's only had one. That seems kind of harsh, but go ahead. Well, and, and the reason why there are no additional factual allegations he could add as to any of the claims are, again, we spoke about Raluca, but especially as to the constitutional claims, uh, on this record, given the exhibits that are attached to the complaint and are part of the factual allegations, the prison is using, um, a reasonable method to meet its legitimate pedagogical interests. And he has not stated any allegations, nor could he state any allegations suggesting that it is not reasonable in the interest of safety and security and health to prevent him from using marijuana. I see that. Don't we have to know precisely, um, what he wants and how and, and, and whether or not his use, um, really implicates those interests to the extent that you're for a kind of a per se rule, um, that, that doesn't seem to me to be consistent. I mean, I, uh, with, with, uh, the Gonzalez case and, and, uh, the whole, the whole point of this, the new statute, I don't know how to pronounce the acronym is Raluca, um, was actually designed to deal with the Supreme court's holding that, that, that to the extent that you're relying on a kind of a per se rule. As to Raluca cases like Gonzalez and the other precedent, Mr. Rodriguez sites are in the RIFRA context. The Supreme court has made clear that context matters when it comes to Raluca and that courts applying strict scrutiny in the prison environment must be no court to date has granted this kind of accommodation. And we think this court's decision. And lastly, as instructive, because there, this court concluded that a person on supervised release did not have a right under RIFRA to use cannabis while on supervised release. And the court explained the government's compelling interest in prohibiting the use of controlled substances by such persons. There's no suggestion in Raluca that someone might have a greater accommodation. I, I see my time is up. Uh, if the court has no further questions, the secretary would respectfully submit and ask the court to affirm. Okay. Thank you, counsel. You had almost two minutes for rebuttal or a minute and 25 seconds. Okay. Thank you. Um, I'd like to quickly address, uh, the states reference to the United States versus Lafley case. Although in that case, the parolee was denied an exemption for the religious use of cannabis, that case is, is, is significantly distinguishable. And in that case, this court reaffirmed that RIFRA and Raluca, which is an identical statute need to be determined on an individualized case by case inquiry. And the, and the exemption needs to be decided to quote to the person. The plaintiff in Lafley was specifically on parole for a drug distribution charge. He had violated multiple other substance related parole conditions, including alcohol. And, uh, the, the, this court also concluded that it would just be impossible for the parole officer to administer whether a positive drug test came back for recreational use of cannabis versus religious use of cannabis. And that's significantly different than Mr. Rodriguez, who is requesting an exemption within the prison context where he could be supervised and only be given small amounts of cannabis in particular sacramental circumstances and not be allowed to use it in any other circumstance. And that's exactly why the, the court in Ocentro said that the schedule one, uh, characteristics of a particular substance cannot carry the day because so much of it depends, uh, like, like Judge Van Dyke mentioned on, on the dose about whether a thimble full of alcohol or a cup can, can completely change the interest at issue in a particular case. And I see I'm out of time. So if there are no further questions, I'll submit. Thank you. Thank you, counsel. We appreciate your arguments this morning. The case is submitted at this time. Thank you both.
judges: Paez, Korman, Vandyke